# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAMISON JOHNSON, #259551 | * |
| Petitioner | |
| v. | *    CIVIL ACTION NO. RWT-05-1512 |
| MICHAEL STOUFFER, WARDEN | * |
| Respondent | |
| | ****** |

## MEMORANDUM OPINION

On June 6, 2005, Petitioner filed a 28 U.S.C. § 2254 Petition for writ of habeas corpus. (Paper No. 1). Petitioner indicates that on October 19, 1996, he pleaded guilty to two counts of robbery with a dangerous and deadly weapon and one count of use of a handgun in a crime of robbery, and was subsequently sentenced to a cumulative twenty-year term by Baltimore County Circuit Court Judge Daniels. (Id.). He additionally states that on December 22, 2003, he filed a motion to re-open a closed state post-conviction petition. Petitioner takes issue with the decision of the Circuit Court of Baltimore County to dismiss his motion to re-open his post-conviction petition. (Id.). According to the Petition, the motion to re-open raised grounds of ineffective assistance of post-conviction counsel.

Petitioner has previously raised a § 2254 attack on his 1996 convictions. In Johnson v. Stouffer, Civil Action No. MJG-99-3466, his Petition was denied as time-barred. The United States Court of Appeals for the Fourth Circuit denied a certificate of appealability and dismissed the appeal on the reasoning of this Court. See Johnson v. Stouffer, 215 F.3d 1319, 2000 WL 656105 (4th Cir. May 18, 2000).

dockets.Justia.com

28 U.S.C. §2244(b)(3)(A) provides that:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

A petitioner may file a second or successive habeas corpus petition only if he or she has moved the appropriate circuit court for an order authorizing the district court to consider his application. See 28 U.S.C. § 2244(b)(3); Felker v. Turpin, 83 F.3d 1303, 1305-07 (11th Cir. 1996). The circuit court must enter an order authorizing the district court to consider any new § 2254 action filed by petitioner. 28 U.S.C. § 2244(b)(3)(A);[1] see In re Avery W. Vial, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (en banc).

The pending petition is beyond doubt a second and successive one which petitioner has filed attacking his 1996 convictions.[2] There is no showing that petitioner has complied with the aforementioned "gatekeeper" provision. Therefore, his pending petition for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).

---

[1]   28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

[2]   Petitioner seemingly raises challenges related to the decisions of the post-conviction court and to the actions of post-conviction counsel. (Paper No. 1 at 1-5). Such claims implicate the threshold issue of this Court's subject matter jurisdiction under 28 U.S.C. § 2254. See Estelle v. McGuire, 502 U.S. 62, 67-75 (1991) (violations of state law and procedure which do not infringe on specific constitutional protections are not cognizable under § 2254); Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988) (infirmities in state post-conviction proceedings cannot serve as basis for federal habeas corpus relief).

The Fourth Circuit has set forth instructions for the filing of a "motion" to obtain the aforementioned authorization Order. The procedural requirements and deadlines for filing the "motion" are comprehensive. Consequently, this court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the procedure to be followed should petitioner wish to seek authorization in the appellate court to file a successive § 2254 petition. It is to be emphasized that Petitioner must file the "motion" with the Fourth Circuit and obtain authorization to file his successive petition before this court may examine his claims.

Accordingly, a separate Order will be entered dismissing the Petition without prejudice and without requiring a response.


Date:    6/8/05                                              /s/
                                                    ROGER W. TITUS
                                            UNITED STATES DISTRICT JUDGE